**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-6325

TITUS MIL-QUIGLESS COTTEN,

                Petitioner - Appellant,

        v.

MARVIN POLK, Warden of Central Prison,

                Respondent - Appellee.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior
District Judge.  (5:06-hc-02119-H)

Submitted:  July 22, 2008             Decided:  July 25, 2008

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Titus Mil-Quigless Cotten, Appellant Pro Se.  Clarence Joe
DelForge, III, Assistant Attorney General, Raleigh, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Titus Mil-Quigless Cotten seeks to appeal the district court's judgment dismissing his 28 U.S.C. § 2254 (2000) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 23, 2007. The notice of appeal was filed on February 25, 2008.[*] Because Cotten failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 2 -